Mosey JOHNSON, et al., DBA Johnson
Mining Company, Appellants,

v.

Ishmael EVERIDGE et al., Appellees.

Court of Appeals of Kentucky.

Nov. 15, 1957.

Rehearing Denied Jan. 24, 1958.

Clark Pratt, Hindman, for appellants.

Harry M. Caudill, Whitesburg, for appellees.

CAMMACK, Judge.

This action was instituted by the appellees, Ishmael Everidge and Martha Everidge, against the appellants, Mosey Johnson, Ralph Johnson and Farris Johnson (Johnson Mining Company) on September 29, 1955, for the cancellation of a coal lease on two tracts of land. The lease was executed March 16, 1955. The basis of the complaint of the appellees was that they had the right to cancel the lease because the appellants had failed to comply with a provision requiring commencement of mining operations "within a reasonable time." This appeal is from a judgment entered July 25, 1956, which cancelled the lease insofar as it affected the Elkhorn No. 3 seam of coal.

The appellants contend the judgment should be reversed because (1) at great expense they prosecuted diligently their preparations for mining the appellees' coal under the terms of the lease; (2) they cannot be held accountable for delays occurring after suit was filed to cancel the lease; and (3) mere delay in performance is not a ground for cancellation under the terms of the lease.

Among the provisions of the lease were the following:

"* * * second parties shall not be required to begin mining on these tracts or under this lease until reached in their mining operations on adjoining tracts, nor until it becomes practical

and economical to mine and remove said coal through entries and mine openings on other tracts. * * *

"* * * Said operations shall begin within a reasonable time after the date of this agreement."

The lease covered the Elkhorn No. 3 seam on the two Everidge tracts of land and, incidentally, an option to lease the Hazard No. 4 seam on one of the tracts. The appellants began preparations to mine the Hazard No. 4 seam within 15 days from the date of the lease, as specified; but, aside from some surveying and prospecting, little was done in regard to the Elkhorn No. 3 seam on either the Everidge or adjoining tracts under lease to the appellants. On September 6, 1955, the appellees served written notice upon the appellants that they considered the lease forfeited and this suit followed.

Depositions were taken and exhibits filed by both sides, and on March 24, 1956, the trial court entered an opinion and order wherein it was held that the appellants were entitled to specific performance of the terms of the lease in respect to the Hazard No. 4 seam. (A lease on that seam was then executed). The trial court found also that the appellants had made some preparation for mining the Elkhorn No. 3 seam and that their lack of diligence in regard to that seam could have resulted from a false sense of security arising from the belief that the appellees intended that the Hazard No. 4 seam be mined immediately, and that the expeditious mining of the Elkhorn No. 3 seam was not imperative. A continuance was granted in order to allow the appellants time to begin operations on the Elkhorn No. 3 seam. The trial court said:

"* * * Should, however, the defendants have this seam of coal in substantial production on either of these leases on July 15th 1956, or convince the Court that they have made a good faith effort to do so, the plaintiffs' complaint will be dismissed on motion of the defendants."

Testimony of expert witnesses was to the effect that 60 days would be ample time to make preparations and begin mining of the Elkhorn No. 3 seam. The trial court allowed the appellants nearly twice that length of time. On July 25, 1956, the appellees moved for judgment pursuant to the opinion and order of March 24th, claiming that the appellants had not made a good faith effort to mine the coal. A hearing was held, witnesses were heard, and the trial court found that the appellants had failed to establish a mining operation on the Elkhorn No. 3 seam on either of the Everidge tracts or adjoining tracts and a judgment rescinding and cancelling the terms of the lease pertaining to that seam was entered.

The appellants argue that they went to great expense in their diligent preparation for mining coal. However, their own testimony shows that a substantial part of the amount expended by them had been for machinery now in use in other mines and also that their major diligence had been in connection with other mines. It was not until the end of the period of grace granted by the trial court in 1956 that the appellants began their feeble efforts to reach Elkhorn No. 3 seam on the adjoining Bates tract. The four months' grace period allowed by the trial court was approximately twice as long as the time needed to reach the coal on the Bates property, according to expert testimony. That fact, when considered in connection with the six months' period which elapsed between the date of the execution of the lease and the time when the suit was filed makes groundless the contention of the appellants that they should not be held accountable for their failure to begin mining operations during the pendency of the litigation.

We find no basis for the contention that the revocation of the lease would work an undue hardship on the appellants. Un-

der the circumstances peculiar to this case the appellants were given a full measure of (and perhaps more than) "a reasonable time" to begin mining operations. Ashland Hotel & Realty Company v. Carruthers, 292 Ky. 245, 165 S.W.2d 978.

Judgment affirmed.